# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

J & J SPORTS PRODUCTIONS, INC.,       )
                                      )
        Plaintiff,                  )
                                      )    Case No. 13-CV-719-JED-FHM
v.                                    )
                                      )
JORGE BAUTISTA, Individually and      )
d/b/a EL CORONA BAR; and              )
MARIA PATRICIA PEREZ, individually    )
and d/b/a EL CORONA BAR,              )
                                      )
        Defendants.                 )

## OPINION AND ORDER

Before the Court is the plaintiff's Motion for Default Judgment as to defendant Maria Perez (hereinafter "defendant") and supporting documentation. (Doc. 31, 32). Upon consideration of the Motion and the plaintiff's related submissions, the Court finds and concludes that the Motion should be granted in part and denied in part, as set forth herein.[1]

Plaintiff's Second Amended Complaint alleges that defendant was an owner, operator, and manager of El Corona Bar in Tulsa, Oklahoma on November 12, 2011. On that date, *Manny*

---

[1] Plaintiff's Motion seeks judgment as to defendant Perez only. Defendant Bautista has appeared through counsel and filed an Answer. Therefore, defendant Bautista is not subject to this Opinion and Order. Additionally, the Court declines to enter a judgment at this time, as plaintiff has made no request or showing to support a Rule 54(b) final judgment. The Court also notes that the Complaint alleges both defendant Bautista and defendant Perez to be owners, operators, licensees, permittees, persons in charge, and/or individuals with dominion, control, oversight and management of the El Corona Bar (Doc. 20 at ¶¶ 6-7), such that piecemeal disposition and judgments with respect to the plaintiff's claims would be inappropriate. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241-42 (10th Cir. 2001) (entries of final judgments as to fewer than all claims or parties are not to be made routinely; Rule 54(b) preserves the historic federal policy against piecemeal appeals); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) ("when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.") (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983) and the rule of *Frow v. DeLaVega*, 82 U.S. 552 (1872)).

*Pacquiao v. Juan Manuel Marquez Championship Fight Program*, a television program including the titled fight plus undercard bouts (the "Program") was aired. Plaintiff alleges that it paid for and was granted exclusive nationwide television rights to the Program, and plaintiff expended substantial sums to market, advertise, promote, administer and transmit the Program to customers nationwide, including in Oklahoma. The Complaint further states that the defendant and/or her agents knowingly and unlawfully intercepted, published, divulged and exhibited the Program at the time of its transmission at defendant's commercial establishment in Tulsa, Oklahoma, and that their actions were in violation of 47 U.S.C. § 605 *et seq.*[2]

At plaintiff's request, the Clerk of Court issued an Entry of Default (Doc. 30) on October 22, 2014, based upon the defendant's failure to answer or otherwise respond to the Complaint which was served upon her by publication. (Doc. 27). Plaintiff then moved for default judgment against the defendant, requesting a judgment in its favor in the amount of $110,000, plus attorneys' fees and costs, pursuant to 47 U.S.C. § 605. (Doc. 32).

Plaintiff seeks $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that the aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just. . . ." In addition, plaintiff seeks enhanced damages of $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which provides that, "in any case in which the court finds

---

[2] Plaintiff's Second Amended Complaint seeks damages under 47 U.S.C. § 605. Most courts have recognized that the prohibited conduct alleged in plaintiff's Complaint may fall under both § 553 and § 605 and that plaintiffs may plead both alternatively. *See J & J Sports Prods., Inc. v. Mayreall, LLC*, 849 F. Supp. 2d 586, 588-89 (D. Md. 2012). In the Motion, plaintiff seeks damages only under § 605. Thus, the Court will award damages pursuant to § 605 solely. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012) ("Plaintiff may not recover under both Sections 553 and 605.").

that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation."

In support of its request for maximum statutory and enhanced damages, plaintiff has submitted the affidavit of its President, Joseph M. Gagliardi (Doc. 32, Ex. 1), the affidavit of investigator Chris Slaton (*Id.*, Ex. 2 thereto), and the affidavit of investigator Stuart Sullivan. (*Id.*) Slaton witnessed the pirated exhibition on the night of November 12, 2011, between 10:40 p.m. and 11:30 p.m., and counted the number of patrons at El Corona Bar three separate times. Although unable to obtain an accurate count of the patrons, each count resulted in more than 125 patrons. (*Id.*) Sullivan also witnessed the pirated exhibition on the night of November 12, 2011, between 9:30 p.m. and 9:35 p.m., and counted the number of patrons at El Corona Bar three separate times. The head counts were 78, 81, and 82. (*Id.*) Both investigators stated that the Program was displayed on multiple large television screens, including "one 8 foot by 12 foot projector." (*Id.*) The minimum fee to broadcast the Program in an establishment with a capacity of up to 100 people was $2,200. (*Id.*, Ex. 1). The plaintiff has provided no information regarding the defendant's financial gain from the unauthorized broadcast of the Program, nor has the plaintiff provided the Court with a Rate Card for the Program.

In support of its claim, plaintiff cites certain decisions by judges in the Western District of Oklahoma in which maximum statutory and enhanced damages have been awarded. *See* Doc. 32 at 16-17, citing *J & J Sports Prods., Inc. v. Sanchez*, 5:10-CV-1163-C (W.D. Okla., Jan. 13, 2011); *J & J Sports Prods., Inc. v. Calderon*, 5:10-CV-123-L (W.D. Okla., Feb. 28, 2011); *J & J Sports v. Cuellar*, 5:11-CV-153-L (W.D. Okla., July 6, 2011); *J & J Sports v. Cuellar*, 5:10-CV-1162-C

(W.D. Okla., Apr. 14, 2011). Plaintiff also cites another Western District of Oklahoma case in which more modest damages were awarded. *See id.* at 17, citing *J & J Sports Prods., Inc. v. Gomez*, 10-CV-124-M (W.D. Okla. Dec. 1, 2010) (awarding $5,000 in statutory damages and $10,000 in enhanced damages).[3]

Judges in this district have also awarded damages in similar cases. In *Joe Hand Promotions, Inc. v. John M. McLemore, et. al*, 4:10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011) (Doc. 28), United States District Judge Claire V. Eagan declined to award maximum statutory damages or the maximum allowable enhancement as requested by the plaintiff. In *McLemore*, the legal capacity of the offending establishment was 70; the sublicense fee would have been $875; no cover fee was charged; and the event was broadcast on three television screens. *Id*. at 3. The plaintiff's investigator counted 84 people at the establishment on the night in question. *Id.* Based on those facts, Judge Eagan awarded $ 2,500 in statutory damages and $ 2,500 in enhanced damages. *Id.* at 3-4. This amount, the court reasoned, was sufficient to both "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "sufficient[ly] punish defendants for the illegal conduct and deter future violations." *Id.* Numerous cases from this district have ruled similarly based on comparable facts. *See, e.g., J & J Sports Prods., Inc. v. Rivas*, 4:10-CV-760-GKF-TLW (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and $2,500 in enhanced damages); *J & J Sports Prods., Inc. v. Samano*, 4:13-CV-721-GKF-FHM (N.D. Okla. May

---

[3] Plaintiff's brief is riddled with references to the Western District of Oklahoma as "this Court," while omitting any discussion of prior decisions rendered by judges of the Northern District of Oklahoma, in which the undersigned sits. (*See* Doc. 32 at 16, 17, 21, 27 of 29). In arriving at the determination of damages set forth herein, the Court has considered the Western District decisions cited by plaintiff, as well as several opinions of judges of the Northern District, which the undersigned independently located.

4

5, 2014) (awarding $2,500 in statutory damages and $3,000 in enhanced damages); *J & J Sports Prods., Inc. v. Ramirez*, 4:14-CV-38-GKF-TLW (N.D. Okla. July 2, 2014) (awarding $3,000 in statutory damages and $2,500 in enhanced damages).

In the instant matter, the Program was broadcast on multiple large television screens at El Corona Bar, including a large 8 foot by 12 foot projection screen, and a "standing room only crowd" of between 78 and 125 patrons were present for two hours or more during the fight's exhibition. As Mr. Slaton approached the door to the bar, a security guard informed him that the "fights" were on inside. (Doc. 32-2). Based upon the uncontested facts, the Court finds that defendant violated § 605 by an unauthorized publication of an intercepted broadcast. While no cover fee was charged, the multiple large screens and large crowd during the duration of the fight further support a finding that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, in accordance with § 605(e)(3)(C)(ii).

Comparing the specific uncontested facts of this case with the facts set forth in the foregoing cases, the Court finds that an award of $5,000.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $10,000.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will justly compensate the plaintiff for any fee that should have been paid by defendant and to deter future similar violations.

Pursuant to § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The Court has considered the attorneys' fees and costs submissions (Doc. 32-4, 32-5) and finds that the requested amounts ($2,205.00 for attorneys' fees and $629.24 for costs) are reasonable and appropriate in light of the work expended as indicated by the filings of record.

IT IS THEREFORE ORDERED that plaintiff's Motion as to defendant Perez (Doc. 31) is **granted in part and denied in part**. The Court finds that damages totaling $15,000.00, along with $2,205.00 in attorneys' fees and $629.24 in costs, is an appropriate amount to award under the applicable statutes and circumstances presented as to defendant Perez. However, because there remain identical claims against another defendant, Mr. Bautista, who has appeared and answered the Complaint, the entry of judgment is not appropriate at this time. (*See* fn. 1, *supra*). When *all* of plaintiff's claims against *all* parties have been determined, the Court will enter an appropriate judgment. Until such time, the Court's findings in this Opinion and Order are subject to change, so that there are not inconsistent determinations of liability and damages for claims that are identical and for which the defendants may be jointly liable.

DATED this 19th day of February, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE